GARY M. RESTAINO
United States Attorney
District of Arizona
TRACY VAN BUSKIRK
Arizona State Bar No. 022097
ALANNA R. KENNEDY
Arizona State Bar No. 034257
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Ste. 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Tracy.Van.Buskirk@usdoj.gov
Email: Alanna.Kennedy@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-23-08043-PCT-DLR |
| Plaintiff, | |
| vs. | **GOVERNMENT'S NOTICE OF INEXTRICABLY INTERTWINED EVIDENCE** |
| Preston Henry Tolth, | |
| Defendant. | |

The government respectfully provides notice of evidence of other acts that are direct and inextricably intertwined evidence of the charges in the indictment, and additionally, Rule 404(b) evidence.

Federal Rule of Evidence 404(b) is "an inclusionary rule," and "evidence of other crimes is inadmissible … only when it proves nothing but the defendant's criminal propensities." *United States v. Sneezer*, 983 F.2d 920, 924 (9th Cir. 1992).[1] Rule 404(b) allows admission of other act evidence that is relevant to proving motive, opportunity, intent, knowledge, identity, and absence of mistake, among other things. Fed. R. Evid. 404(b)(2); *United States v. Winters*, 729 F.2d 602, 604 (9th Cir. 1984).

---

[1] All internal citations and quotation marks are omitted throughout this filing.

Rule 404(b) is not implicated "where the evidence the government seeks to introduce is directly related to, or inextricably intertwined with, the crime charged in the indictment." *United States v. Lillard*, 354 F.3d 850, 854 (9th Cir. 2003). There are two types of evidence that are admissible without regard to Rule 404(b): (1) evidence that "constitutes a part of the transaction that serves as the basis for the criminal charge"; and (2) evidence that is necessary "to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." *United States v. DeGeorge*, 380 F.3d 1203, 1220 (9th Cir. 2004). If other acts are relevant, the "only" conditions justifying exclusion are those described in Rule 403. *United States v. Curtin*, 489 F.3d 935, 944 (9th Cir. 2007) (en banc).

Specifically, the government intends to elicit testimony regarding: (1) the events of the evening preceding the crime, including a verbal and physical altercation that defendant Preston Henry Tolth had with his father while they were traveling toward Sweetwater, Arizona during the late-night hours of June 14, 2021; and (2) that following the harm Tolth inflicted on E.B. on or about June 15, 2021, the victim, E.B., has not been seen or heard from since.

1. <u>Tolth's Fight with His Father During the Drive from Farmington</u>

In June 2021, Tolth was living with his father and his stepmother at their residence near the Sweetwater Chapter House on the Navajo Nation. Tolth's stepmother is the victim's sister. Tolth had only been living at the residence for a few weeks before the crime. During that time, Tolth helped his father with small jobs around the community, which included going to the victim's house and her daughter's house (next door). On June 14, 2021, Tolth rode with his father and stepmother to Farmington, New Mexico to run errands and pick up supplies. They began to drive home at night. On the drive back, Tolth became agitated and argumentative with his father. Tolth's father stopped in Beclabito to buy gas, where Tolth got out of the truck and confronted his father. Tolth and his father got back into the truck and continued to drive towards home. While driving, Tolth's father observed Tolth drinking beer.

1    Tolth's father then stopped at a store in Red Mesa. Tolth got out of the truck again and continued to act aggressively towards his father. Tolth's father attempted to leave Tolth by driving away, but Tolth jumped into the truck-bed. Tolth's father then pulled to the side of the road. When he got out, Tolth swung a piece of lumber at him. Tolth's father disarmed Tolth and the two men engaged in a physical fight. Tolth's stepmother drove away leaving both men behind. Tolth ran off into the darkness. Tolth's stepmother returned a short time later. She picked up Tolth's father. Tolth was last seen walking southbound on Route 35 about one mile south of where he fought with his father.

Tolth described that he was picked up by an unknown motorist who gave him a ride. During one interview, Tolth described that he was driven to Thoreau, New Mexico. In a different interview, Tolth described being dropped off and walking to the victim's house. Tolth also described that after contacting the victim, they got in her truck. Tolth said he drove the truck. He admitted punching the victim several times. He described dropping the victim off on the side of the road. Tolth said she was bleeding and stumbling when she got out of the car, and he left her with approximately three people who were drinking. Tolth then drove her truck to Thoreau.

Testimony about the events preceding the crime, including Tolth's fight with his father, is necessary for the jury to have a complete and coherent understanding of Tolth's activities in the hours leading up to the crime. *See Old Chief v. United States*, 519 U.S. 172, 187-89 (1997); *United States v. Dorsey*, 677 F.3d 944, 951 (9th Cir. 2012). This evidence explains what Tolth was doing in this remote area of the Navajo Nation in the middle of the night, why he did not want to return to his father's house, and why he needed to find a vehicle. It helps prove his identity as the attacker, and his motive, knowledge, intent, opportunity, and lack of mistake as to the charged crimes.

/ / /

/ / /

/ / /

/ / /

### 2. The Victim Has Not Been Seen or Heard From Since the Charged Crimes

The last time that anyone saw or talked to the victim, E.B., was June 14, 2021. During the night, Tolth took her from her home, assaulted her, and stole her truck. There is no evidence to suggest that she is alive, but her remains have not been found. The government will present evidence from E.B.'s family describing her absence, and presumed death, to jurors. Although Tolth has not been charged with E.B.'s murder, her disappearance is relevant to establishing elements of both CIR-Assault Resulting in Serious Bodily Injury and Carjacking, and to explain why E.B. is not present to testify. *DeGeorge*, 380 F.3d at 1220. Tolth admitted assaulting E.B. and the implication left by E.B.'s absence is necessary and relevant for the jury's consideration of the extent and seriousness of E.B.'s injuries.

Because evidence of Tolth's fight with his father and E.B.'s ongoing absence is inextricably intertwined with evidence related to the charged counts, it does not fall squarely within Rule 404(b). And, the government is not introducing it as other act evidence under that rule. Instead, this evidence is necessary for witnesses to provide a full account of the facts surrounding the crime, and it is thus relevant and admissible. Accordingly, the government provides this notice in an abundance of caution.

Respectfully submitted this 8th day of April, 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona

  *s/ Alanna R. Kennedy*
TRACY VAN BUSKIRK
ALANNA R. KENNEDY
Assistant U.S. Attorneys

# **CERTIFICATE OF SERVICE**

I hereby certify that on this day, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants: Jane McClellan and James Rael, *Attorneys for Defendant*.

*s/R. Jimenez*
U.S. Attorney's Office