JON M. SANDS
Federal Public Defender
JANE L. McCLELLAN #015902
Assistant Federal Public Defender
250 North 7th Avenue, Suite 600
Phoenix, Arizona 85007
(602) 382-2700   voice
jane_mcclellan@fd.org
*Attorneys for Defendant*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| United States of America, | No. 3:23-cr-08043-DLR-1 |
|---|---|
| Plaintiff, | **MOTION FOR DOWNWARD VARIANCE AND SENTENCING MEMORANDUM** |
| vs. | |
| Preston Henry Tolth, | |
| Defendant. | |

Defendant Preston Henry Tolth, through undersigned counsel, hereby submits the following motion for downward variance and sentencing memorandum for this Court's consideration. Mr. Tolth pleaded guilty to the offense of robbery, in violation of 18 U.S.C. §§ 1153 and 2111. Defendant respectfully requests that the Court impose a sentence of time served, followed by three years of supervised release. Mr. Tolth submits that a downward variance pursuant to 18 U.S.C. § 3553(a) is appropriate based on the totality of the sentencing factors.  Sentencing in this matter is scheduled for April 9, 2026.

## I.     Defendant's Background

Preston Henry Tolth is 26 years old. He is an enrolled member of the Navajo Nation. His parents separated when he was a young child, and he had an unstable childhood. His father was rarely a part of his life, and his mother often could not care for her children. There were many times that he was placed with other relatives or in foster care.  He has four siblings. His two older brothers have had contact with the criminal justice system. One of them is currently incarcerated and the other was released from custody within approximately the last year. He also has two sisters. He has a good relationship with his

younger sister, Brianna, who resides in Crownpoint, New Mexico. For most of his life he has not had a close relationship with his mother, but he has recently reestablished contact with her and they are repairing their relationship.

Preston experienced substance abuse and domestic violence in the home while he was growing up. He was frequently homeless as a teenager and young adult. His sister related an event when Preston was eight years old where the children were left with their stepmother who eventually abandoned the home and the children were left to fend for themselves. Presentence Report ("PSR") at ℙ 77. It is not surprising that under these conditions, Mr. Tolth received some mental health services as a teenager. PSR at ℙ 84. He is not currently taking any medication for mental health, but he is amenable to having a mental health assessment to determine whether he needs any mental health treatment. His substance abuse began at the age of 12, and he experimented with various types of drugs and alcohol. PSR at ℙℙ 87-93. He admits that he has had a substance abuse problem, and he is willing to participate in treatment.

Mr. Tolth dropped out of high school in the ninth grade, because he became homeless. PSR at ℙ 95. Later, he obtained his GED at the New Mexico National Guard Youth Challenge Academy and completed some college credits. PSR at ℙ 96. He enrolled at the University of New Mexico to study culinary arts, but he left in the first semester because he was overwhelmed by work and school demands. ℙ 98. Mr. Tolth is bright and appears capable of furthering his education. Prior to his imprisonment for the instant offense, Mr. Tolth had jobs as a dock worker, a sawyer, a dishwasher, a ski rental technician, and a restaurant worker. Mr. Tolth has been in custody since April 3, 2023.

## II.    A Reasonable Sentence

The Court shall impose a sentence that is "sufficient, but not greater than necessary," to meet the statutory purposes of sentencing. 18 U.S.C. § 3553(a). The statute sets forth several factors that the Court shall consider, including the sentencing guidelines. The district court may not presume that the guideline range is reasonable. *Rita v. United States,*

551 U.S.338, 351 (2007). Considering the guidelines and all of the other § 3553(a) factors, the district court must make an "individualized determination based on the facts." *United States v. Carty,* 520 F.3d 984, 991 (9th Cir. 2008).

Mr. Tolth pleaded guilty to the offense of robbery. At offense level 21 and criminal history category II, the advisory guideline range is 41 to 51 months of imprisonment. The parties have entered into a plea agreement stipulating that Defendant's sentence will be time served. At the time of sentencing, Mr. Tolth will have been in custody for 36 months and 7 days for this offense. The presentence report writer recommends that the Court impose a sentence at the low end of the guideline range or 41 months followed by three years of supervised release. Defendant submits that a sentence of time served is a reasonable sentence in this matter and is sufficient but not greater than necessary to comply with the factors set forth at 18 U.S.C. § 3353(a).

The Court is aware of the unusual circumstances of this case and the reason for the delay in proceedings. On May 6, 2024, this Court granted Defendant's motion to suppress his in-custody statements, and the Government thereafter appealed to the Ninth Circuit Court of Appeals. The Ninth Circuit affirmed this District Court's order suppressing the statement and the matter was remanded for further proceedings. Mr. Tolth entered into a plea agreement and accepted responsibility for his actions. He has served more than three years in custody for this offense. He has served almost all of that time at the CoreCivic jail in Florence, Arizona, where few programs or activities are available to inmates.

The Court must grant only a minimal downward variance from the recommended guideline range to impose a sentence of time served. The presentence report notes that a downward variance pursuant to 18 U.S.C. § 3553(a) to reflect Mr. Tolth's personal history and characteristics may be considered by the Court. PSR at ⁋ 125. As outlined above, Mr. Tolth had an extremely unstable childhood. He was homeless or placed in foster care for a significant part of his life. At the time of the offense, he was only 22 years old. He had a serious substance abuse problem. While on supervised release, he will be able to participate

in treatment and programs that will help him with reentry. He can begin working and possibly further his education if he chooses to do so. A sentence of time served is appropriate based on all of these circumstances.

In the long term, Mr. Tolth hopes to relocate to New Mexico to reside with his sister. He has no strong ties to the State of Arizona. The defense has been working with the U.S. Probation Office to ensure that Mr. Tolth has a suitable residence upon his release. The U.S. Probation Office has obtained a residential placement that will accept Mr. Tolth upon his release on the day of sentencing, and either family or defense counsel can provide transportation to the facility nearby in Phoenix.

**III.  Conclusion**

Based upon the foregoing reasons, Defendant respectfully requests that the Court impose a sentence of time served, followed by three years of supervised release.

Respectfully submitted:               March 31, 2026.

JON M. SANDS
Federal Public Defender

 *s/Jane L. McClellan*
JANE L. McCLELLAN
Assistant Federal Public Defender
*Attorney for Defendant*

*/nr*